IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER D. SCHNEIDER,

            Plaintiff,

vs.

AMADOR COUNTY, et al.,

            Defendants.
_____/

No. CIV S-10-3242 GEB EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 6, 2010, plaintiff filed a complaint against Amador County, Linda Van Vleck (an Amador County code enforcement officer), and John Hahn (an Amador County counsel) alleging, among other things, violations of plaintiff's Fourteenth and Fifth Amendment rights to due process, civil conspiracy, and negligence. Dckt. No. 1. He also asserts claims under 42 U.S.C. § 1983 and numerous state statutes. *Id.* Plaintiff's allegations appear to be based primarily on defendants' enforcement of two county ordinances prohibiting "junk" from being stored on plaintiff's property, which plaintiff contends are unconstitutional. *Id.* Defendants have not yet appeared in the action.

////

1

On December 22, 2010, plaintiff filed a motion for a temporary restraining order ("TRO") against Amador County, Dckt. No. 6, and an ex parte application for leave to submit redacted declarations in support of the TRO motion, Dckt. No. 7. Although plaintiff has not filed a proof of service of the TRO motion on Amador County, he did submit a declaration stating (1) that plaintiff sent a letter to Amador County counsel on December 21, 2010 indicating that he would be filing a TRO motion, and (2) that once the TRO motion is filed, plaintiff would serve a copy of the motion on the County. Dckt. No. 6 at 6, 12.

In his TRO motion, plaintiff contends that on December 16, 2010, plaintiff observed a vehicle with an Amador County logo slowly driving up and down the road he lives on. Schneider Decl. ¶¶ A1, A2, Dckt. No. 6 at 3. Plaintiff contends that the vehicle proceeded at a slow pace and that someone in the vehicle was "hanging out the window taking pictures of plaintiff, and his house." *Id.* ¶ A3. Plaintiff contends that "it was plainly obvious" from this behavior "that defendant 'County' was trying to 'intimidate' and 'harass' him" since "there was no pressing need for Defendant County to take additional pictures of plaintiff . . . ." *Id.* ¶ A4. Plaintiff contends that he is seeking a TRO because "the holiday period . . . is here" and because "there exists a very strong likelihood that [the County's] conduct will continue unless enjoined by this Court." *Id.* ¶ B. Plaintiff "is concerned that if he is outside with his family[,] he will continue to be subject to such continuous harassment by defendant county, all at a time of year when family is usually gathered to enjoy themselves" and that if the conduct continues, he "will continue to suffer immediate and irreparable harm." *Id.* ¶¶ D, E.

Plaintiff's proposed TRO seeks to enjoin the County from (1) continuing to harass plaintiff until after a jury trial on the merits and (2) enforcing the nuisance ordinances plaintiff challenges in his complaint. Dckt. No. 6 at 9. Specifically, plaintiff seeks to prohibit the County from (1) "stalking, harassing, or taking pictures of plaintiff on or around his house and property without permission from this Court" and (2) issuing any notices of intention to abate or other similar letters or notices. *Id.*

1   "The standards for granting a temporary restraining order and a preliminary injunction
2   are identical." *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997);
3   *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)
4   (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis
5   of a temporary restraining order).  The Ninth Circuit recently modified its standard for
6   preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural*
7   *Resources Defense Council, Inc*., that the moving party must demonstrate that, absent an
8   injunction, irreparable injury is not only possible, but likely.  *Winter v. Natural Resources*
9   *Defense Council, Inc*., 129 S. Ct. 365, 375-76 (2008); *Stormans, Inc. v. Selecky*, 586 F.3d 1109,
10  1127 (9th Cir. 2009).  Under the new standard, "preliminary injunctive relief requires a party to
11  demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
12  in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
13  injunction is in the public interest.'"  *Id*. (quoting *Winter*, 129 S.Ct. at 375-76).
14      Here, although plaintiff seeks to prohibit the County from "stalking, harassing, or taking
15  pictures of plaintiff on or around his house and property without permission from this Court," he
16  has not shown that the County's conduct in driving by his house on a public road and
17  photographing his home, which is the subject of this action, amounted to "intimidation" or
18  "harassment" or was in any way illegal or inappropriate conduct.  Plaintiff also has not shown
19  that this conduct is likely to continue, or that if it did, it would lead to any immediate and
20  irreparable harm to plaintiff.  Additionally, although plaintiff also seeks to prohibit the County
21  from issuing any notices of intention to abate or other similar notices, plaintiff has not shown
22  that the County is likely to issue any such notices or that the issuance of such notices would lead
23  to immediate and irreparable harm to plaintiff.  To the contrary, if the County does issue such a
24  notice and indicates an intent to abate the alleged nuisance, plaintiff can file a motion for a TRO
25  at that time.  Therefore, plaintiff has not shown that he is entitled to the TRO he currently seeks.
26  ////

Accordingly, the undersigned will recommend that plaintiff's TRO motion be denied.

Further, although plaintiff seeks leave to file redacted declarations from some of his neighbors in support of his TRO motion, Dckt. No. 7, there is nothing in plaintiff's request that indicates that such declarations would (or could) support plaintiff's claim of irreparable harm. Therefore, the request is unnecessary and will be denied.

Accordingly, it is hereby ORDERED that plaintiff's ex parte application for leave to submit redacted declarations, Dckt. No. 7, is denied. Further, it is RECOMMENDED that plaintiff's motion for a temporary restraining order, Dckt. No. 6, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4