1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER D. SCHNEIDER,              No. CIV S-10-3242 GEB EFB PS

12                 Plaintiff,

13        vs.

14   AMADOR COUNTY; LINDA
     VAN VLECK; JOHN HAHN; and
15   DOES 1 through 40,
                                            ORDER AND
16                 Defendants.              FINDINGS AND RECOMMENDATIONS
     _____/

17

18        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

19   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Currently

20   pending before the court are (1) defendants' motion to dismiss plaintiff's first amended

21   complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6), Dckt.

22   No. 16; (2) plaintiff's motion for declaratory judgment, Dckt. No. 19; and (3) plaintiff's ex parte

23   application for additional time to serve the Doe defendants, Dckt. No. 30.  For the reasons stated

24   herein, the undersigned recommends that the motion to dismiss be granted and the first amended

25   complaint be dismissed with leave to amend; the motion for declaratory judgment be denied; and

26   the application for additional time to serve the Doe defendants be denied as moot.

                                      1

I.      BACKGROUND

The allegations in plaintiff's first amended complaint appear to be based primarily on defendants' enforcement of two county ordinances prohibiting "junk" from being stored on plaintiff's property, which plaintiff contends are unconstitutional.  First Am. Compl., Dckt. No. 11 (citing Amador County ordinances 19.08.360 and 19.48.130).  According to the first amended complaint, plaintiff has received several letters from Amador County (the "County") directing plaintiff to remove or place in enclosed storage many of the items on plaintiff's property, including several airplanes, a fire engine, restaurant equipment, and other assorted belongings. *Id.* ¶ 25, 26, 72-79.  Plaintiff alleges that the County sent him the letters at issue after receiving anonymous complaints about plaintiff's property.  *Id.* ¶¶ 28, 29.  Plaintiff contends that "this 'enforcement' is not about the law, but about all defendants maliciously and unequally harassing him under color of law." *Id.* at 3.  Plaintiff further alleges that defendants have failed to protect him from the unknown harassers since defendants denied plaintiff's request for disclosure of the identity of all individuals complaining about his property. *Id.* ¶¶ 85, 91-92.

Plaintiff predicates jurisdiction for his first amended complaint on 42 U.S.C. § 1983, the United States Constitution and certain Federal Aviation Regulations, and supplemental jurisdiction for his state law claims.  He alleges the following claims against the County, Linda Van Vleck (a County code enforcement officer), John Hahn (County counsel), and Does 1 through 40 (anonymous complaining witnesses and other involved County officials): (1) "lack of due process, vague, [overbroad] ordinances, color of law" in violation of the First and Fourteenth Amendments; (2) "lack of due process, Sixth Amendment, no clear notice of charges"; (3) "failure to prosecute, double jeopardy"; (4) civil conspiracy/collusion under color of law, violation of [California] Government Code §§ 6250 et seq."; (5) "negligence and deliberate indifference; failure to investigate or protect plaintiff from harassment"; (6) "Fourteenth Amendment denial of due process hearing under color of law"; (7) "Fourteenth Amendment, Federal Air Regulations, color of law"; (8) "unlawful  regulation of commerce, denial of civil

2

rights under color of law"; (9) 42 U.S.C. § 1983, Cal. Civil Code § 51.7; (10) California Civil Code section 52.3, deprivation of civil rights by law enforcement officer; (11) malicious prosecution and/or abuse of process in violation of the Fourteenth Amendment, common law tort, and equal protection; (12) California Civil Code §§ 43, 51, 51.7, 52.1, interference with exercise of civil rights-remedies, exemplary damages and civil penalty under § 52; and (13) civil assault, ongoing civil conspiracy.  *See generally id.*[1]

II.     MOTION TO DISMISS

        A.      Standards of Review - 12(b)(1) & 12(b)(6)

        "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute . . . . "  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking.  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

        A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).  In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).  "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Id*. (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

_____

[1] Although the first amended complaint references various exhibits, no exhibits were attached thereto.  Nonetheless, the court has reviewed the exhibits attached to plaintiff's original complaint.  *See* Compl., Dckt. No. 1.

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

4

allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.      Plaintiff's Federal Claims

While plaintiff has listed many claims in his first amended complaint, the underlying allegations appear to be rather simple.  As discussed above, plaintiff's allegations are based primarily on defendants' enforcement of two county ordinances prohibiting "junk" from being stored on plaintiff's property.  Plaintiff alleges numerous federal claims resulting from this alleged enforcement, including claims for violation of his First, Fifth, Sixth, and Fourteenth Amendment rights, as well as for malicious prosecution and for violation of the Federal Air Regulations.  *See generally* First Am. Compl., Claims 1-3, 6-8.

Many of plaintiff's federal claims are plainly meritless.[2]  Specifically, plaintiff cannot state a claim for violation of his Sixth Amendment right to "due process" since plaintiff does not

---

[2] Defendants also argue that plaintiff's federal claims should be dismissed as they are beyond the statute of limitations. Defs.' Mot. to Dismiss, Dckt. No. 17 at 13-16. As defendants note, however, based on the confusing presentation of plaintiff's claims, it is difficult to apply the statute of limitations. *Id.* For that reason, and because the allegations fail to present any possible claim for the court to review, the court will not address the statute of limitations at this time.

1   allege that he has been accused of any criminal offense and since a nuisance abatement

2   proceeding is a civil matter and does not constitute a criminal prosecution for the purpose of the

3   Sixth Amendment.  *See Gannett Co. v. DePasquale*, 443 U.S. 368, 379-80 (1979) (noting that

4   the Sixth Amendment provides certain guarantees "to a person charged with the commission of a

5   criminal offense, and to him alone").  Plaintiff also has not stated a claim for violation of his

6   First Amendment rights since plaintiff's display of the materials at issue in this action does not

7   purport to convey any particularized message and instead appears to be for plaintiff's personal

8   convenience.  *See Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1058 (9th Cir. 2010)

9   ("Conduct intending to express an idea is constitutionally protected only if it is 'sufficiently

10  imbued with elements of communication to fall within the scope of the First and Fourteenth

11  Amendments, which means that '[a]n intent to convey a particularized message [is] present, and

12  . . . the likelihood [is] great that the message w[ill] be understood by those who view [ ] it.'").

13  Further, although plaintiff mistakenly argues that any issue involving airplanes is solely within

14  the jurisdiction of the Federal Aviation Administration and not a local county, and that therefore

15  defendants have violated the Federal Aviation Act, plaintiff cannot proceed with a private right

16  of action under the Federal Aviation Act.  *See G.S. Rasmussen & Assoc., Inc. v. Kalitta Flying*

17  *Serv., Inc.*, 958 F.2d 896, 902 (9th Cir. 1992).

18          Plaintiff also has not stated a claim under 42 U.S.C. § 1983 for malicious prosecution

19  since plaintiff has not shown that any alleged "prosecution" of plaintiff targets the deprivation of

20  a constitutional right, such as equal protection, or that such "prosecution" was commenced

21  without probable cause, with malice, and terminated in the plaintiff's favor.  *See Usher v. City of*

22  *Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987) ("In this circuit, the general rule is that a

23  claim of malicious prosecution is not cognizable under 42 U.S.C. § 1983 if process is available

24  within the state judicial system to provide a remedy. . . .  However, 'an exception exists to the

25  general rule when a malicious prosecution is conducted with the intent to deprive a person of

26  equal protection of the laws or is otherwise intended to subject a person to a denial of

6

1  constitutional rights.'  In California, the elements of malicious prosecution are (1) the initiation

2  of criminal prosecution, (2) malicious motivation, and (3) lack of probable cause.") (internal

3  citations omitted).

4      Nor has plaintiff stated a claim under § 1983 for failure to protect plaintiff from his

5  neighbors since such a claim has no basis in federal law and since state and local governments

6  generally lack an obligation to affirmatively provide aid such as protective services to their

7  citizens.  *See Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989)

8  (county had no duty to safeguard child from abusive parent); *Town of Castle Rock v. Gonzales*,

9  545 U.S. 748, 768-69 (2005) (constitution does not confer on citizens the right to have another

10  person arrested); *Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007) (no right to sue

11  over city's failure to prevent riot).

12      Moreover, with regard to plaintiff's remaining federal claims, the facts underlying

13  plaintiff's allegations reveal that the court lacks jurisdiction over many of those claims at this

14  time and that the allegations fail to state a claim upon which relief could be granted.

15  Specifically, plaintiff's primary hurdle is the fact that he has not alleged any final action by or on

16  behalf of the County with regard to the enforcement of the "junk" ordinances.[3]  Other than an

17  abatement proceeding in 2006, which was abandoned, plaintiff fails to allege that anything has

18  occurred beyond a request by defendants that he bring his property into compliance with the junk

19  ordinances.[4]  Plaintiff has not yet been forced to remove any of his belongings from his property,

20

21     [3] Nor has plaintiff shown that even if a final action had been taken, such action would violate plaintiff's constitutional rights.  *See* Dckt. No. 17 at 16-18.

22

23     [4] In 2003, plaintiff received the first letter from the County regarding plaintiff's property being used as a junkyard.  First Am. Compl., ¶¶ 26, 72.  It is not clear from plaintiff's amended

24  complaint what, if anything, occurred as a result of that letter.  In 2006, plaintiff received another letter from the County, notifying plaintiff that his property was in violation of the junk ordinances.  *Id.* ¶¶ 73-74.  Thereafter, plaintiff requested a hearing but the hearing was

25  postponed.  *Id.* ¶¶ 76, 110-111.  Plaintiff eventually met with defendants and agreed to move certain aircraft parts to the back portion of his property.  *Id.* ¶ 155.  In 2007, plaintiff received

26  additional notices regarding the junk ordinances.  *Id.* ¶¶ 78, 112.  In June of 2007, plaintiff

1   and has not alleged that any state administrative or judicial action has even been commenced,

2   much less completed, or that he has exhausted his available state remedies for any matter

3   alleged.

4       In fact, in his opposition, plaintiff states that prior to October 30, 2010, he believed all

5   the problems with respect to his property had been resolved, and apparently plaintiff was

6   satisfied.  Opp'n, Dckt. No. 25, at 7-9.  However, plaintiff complains that on October 30, 2010,

7   he received additional notices from the County regarding his violations of the junkyard

8   ordinances, and he was requested to apprise the County by November 30, 2010 of his efforts to

9   comply with those ordinances.[5]  *Id*.  The court is not certain what injury plaintiff has suffered,

10  other than receiving notices from the County.  Essentially plaintiff argues that his rights have

11  been violated by the County sending him letters stating he must remove junk from his property.

12  Even assuming all of plaintiff's allegations in the first amended complaint are true, no action has

13  been taken by or on behalf of the defendants for this court to review.  While it is possible some

14  event could occur in the future between plaintiff and the County that could warrant review in

15  federal court, no such event has occurred at this time.

16      Additionally, although plaintiff argues that his due process rights were violated because

17  he was never provided a hearing that was promised to him in 2006, First Am. Compl., ¶ 111,

18  plaintiff has alleged no action was taken by the County as a result of not having the 2006

19  hearing.  Nor does there appear to have been any reason for a hearing as the dispute had been

20  ////

21  ////

22

23  created what he has described as a "outdoor living room and kitchen display."  *Id*. ¶¶ 51-52.  A
    Sheriff's Officer arrived the following day and after some conversation that is not described in
    the first amended complaint, plaintiff rearranged the display.  *Id*.

24

25  [5] On November 21, 2010, plaintiff requested access to County documents regarding code
    enforcement, third party complaints again him, and other materials.  First Am. Compl. ¶ 87.  The
    County denied the request on December 2, 2010.  *Id*.  Plaintiff has not shown that such a denial

26  violated his constitutional rights.

8

settled.[6]  Plaintiff's own statements indicate that he believed all problems had been resolved regarding this time period.  Opp'n at 7.  It was only when plaintiff received a letter in 2010 that he determined that his due process rights had been violated years before.  However, plaintiff still has not alleged that he has suffered any injury as a result of the abandoned hearing in 2006.[7]

The court has no jurisdiction to adjudicate claims unless they are ripe.  *United States v. Streich*, 560 F.3d 926, 931 (9th Cir. 2009).  The Supreme Court has explained, the

> basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967) (overruled on other grounds).  A claim is not ripe "if it involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"  *Streich*, 560 F.3d at 931 (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).

The requirement that a party have "standing" to bring an action is part of the case-or-controversy provisions of Article III of the Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  There are three elements:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between

---

[6] Plaintiff notes in his opposition that the hearing date was postponed to a later date if needed and he did not continue to pursue his request for a hearing.  Opp'n at 4, 7.

[7] Further, because the 2010 letter provided plaintiff the requisite notice that his property failed to comply with the ordinances at issue and offered him a reasonable time to cure the problem, and no actual abatement without opportunity for hearing has allegedly occurred, plaintiff's due process claim fails.  *See Schneider v. County of San Diego*, 28 F.3d 89, 92-93 (9th Cir. 1994) (no due process violation where the county gave owner of property given notice that vehicles were a nuisance and commenced abatement proceedings with right of judicial appeal); *Samuels v. Meriwether*, 94 F.3d 1163, 1166-67 (8th Cir. 1996) (notice of proposed action and opportunity for hearing suffices).

1   the injury and the conduct complained of-the injury has to be fairly
2   . . . trace[able] to the challenged action of the defendant, and not
    . . . th[e] result [of] independent action of some third party not
3   before the court. Third it must be likely as opposed to merely
    speculative that the injury will be redressed by a favorable
4   decision.

5   *Id.* at 560-61 (internal citations and quotation marks omitted).  The two doctrines are related:

6   "ripeness can be characterized as standing on a timeline" and often "coincides squarely with

7   standing's injury in fact prong."  *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d

8   1134, 1138 (9th Cir. 2000) (en banc).

9       Although plaintiff attempts to argue that the events that have occurred have violated

10  federal law and therefore warrant review in this court, he is mistaken.  Despite asserting over a

11  dozen causes of action, the fact remains that there has been no formal decision by defendants or

12  any concrete effects on plaintiff, let alone an injury in fact.  As noted above, courts should avoid

13  "entangling themselves in abstract disagreements" such as those in the instant case.  *Abbott Labs.*

14  *v. Gardner*, 387 U.S. at 148-49.  Here, plaintiff seeks prospective injunctive relief, essentially

15  asking this court to invoke jurisdiction under 42 U.S.C. § 1983 to overrule a County order that

16  the County has yet to issue.  Thus, plaintiff's action is not ripe for adjudication as "it involves

17  contingent future events that may not occur as anticipated, or indeed may not occur at all."[8]

18  *Streich*, 560 F.3d at 931 (quoting *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568,

19  580-81, (1985)).

20      In addition, the first amended complaint fails to state a claim for which relief could be

21  granted as it does not "contain sufficient factual matter, accepted as true, to 'state a claim to

22  relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at

23

24      [8] Nor is this a situation where plaintiff's claim is capable of repetition, yet evades review.
    *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998) ("[T]he capable-of-repetition doctrine applies only
25  in exceptional situations, . . . where the following two circumstances [are] simultaneously
    present: (1) the challenged action [is] in its duration too short to be fully litigated prior to
26  cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining
    party [will] be subject to the same action again.").

570).  As discussed above, although plaintiff generally describes his interactions with the

County, plaintiff has failed to allege sufficient facts that demonstrate cognizable claims and it is

not clear what type of relief plaintiff seeks other than prospective injunctive relief that the court

cannot provide.

Therefore, defendants' motion to dismiss plaintiff's federal claims should be granted and

plaintiff's federal claims should be dismissed.  However, plaintiff will be granted thirty days

from the date of service of any order adopting these findings and recommendations to file a

second amended complaint, so long as he can cure the abovementioned defects by truthfully

alleging facts that are not inconsistent with those contained in his current complaint.  In any

second amended complaint, plaintiff must plead against which defendants he brings each cause

of action, what each defendant did to support relief under each respective cause of action, and

what actual injuries plaintiff has suffered as a result of each defendant's conduct.

C.      State Law Claims

Defendants also move to dismiss plaintiff's state law claims, arguing that the claims

should be dismissed because plaintiff did not plead compliance with the California Torts Claims

Act ("GCA").[9]  Dckt. No. 17 at 25-26.[10]  The GCA requires that a party seeking to recover

money damages from a public entity or its employees must submit a claim to the entity *before*

filing suit in court, generally no later than six months after the cause of action accrues.  Cal.

Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added); *see also Shirk v. Vista Unified Sch.*

*Dist.*, 42 Cal. 4th 201, 208 (2007) ("*Before* suing a public entity, the plaintiff must present a

---

[9] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act."  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

[10] Defendants also contend that they are immune from liability for much of the conduct alleged in the first amended complaint, Dckt. No. 17 at 27-28, and that plaintiff's claims for violation of various California Civil Code sections fail because plaintiff has not established the requisite elements for each such claim, *id.* at 29-30.  However, because the undersigned will recommend that plaintiff's state law claims be dismissed without leave to amend for failure to comply with the GCA, these arguments need not be addressed.

1    timely written claim. . .") (emphasis added).  "The legislature's intent to require the presentation

2    of claims *before* suit is filed could not be clearer."  *City of Stockton v. Super. Ct,*, 42 Cal. 4th

3    730, 746 (2007) ("The purpose of providing public entities with sufficient information to

4    investigate claims without the expense of litigation is not served if the entity must file a

5    responsive pleading alerting its opponent to the claim requirements.").  Timely claim

6    presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's

7    cause of action.  *Shirk*, 42 Cal. 4th at 209.  Thus, when a plaintiff asserts a claim subject to the

8    GCA, he must affirmatively allege compliance with the claim presentation procedure, or

9    circumstances excusing such compliance, in his complaint.  *Id.*  The requirement that a plaintiff

10   asserting claims subject to the GCA must affirmatively allege compliance with the claims filing

11   requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839

12   F.2d 621, 627 (9th Cir. 1988).

13          In the instant case, plaintiff concedes in his opposition that he has not yet complied with

14   the GCA.  Opp'n at 25.  Although plaintiff argues that he still has time to comply with the GCA,

15   the GCA required plaintiff to submit a claim to the County *before* filing the instant action.

16   Therefore, plaintiff's state law claims against defendants must be dismissed.  Although leave to

17   amend would normally be proper in order to permit plaintiff to attempt to allege compliance with

18   the GCA, because plaintiff concedes that he has not complied, plaintiff's state law claims should

19   be dismissed without leave to amend to allege compliance.

20   III.   MOTION FOR DECLARATORY JUDGMENT

21          Plaintiff has also filed a motion for declaratory judgment on his seventh claim for relief.

22   Dckt. No. 19.  Specifically, plaintiff seeks "declaratory judgment, and a writ of prohibition, or in

23   the alternative, a writ of mandate" declaring that defendants "[a]re not authorized to determine

24   the airworthiness or usability of plaintiff's airplane parts, appliances, or other airplane related

25   items" and that such determinations are beyond the scope of the individual defendants' authority.

26   *Id.* at 2.  However, because the court recommends that plaintiff's first amended complaint be

1  dismissed in its entirety, plaintiff's motion for a declaratory judgment should be denied.

2  IV.  MOTION FOR EXTENSION OF TIME TO SERVE DOE DEFENDANTS

3  On April 6, 2011, plaintiff requested a 120 day extension to ascertain the identities of the

4  Doe defendants and serve the first amended complaint upon them.  Dckt. No. 30.  However,

5  because the undersigned recommends that plaintiff's first amended complaint be dismissed,

6  plaintiff's request for an extension of time to ascertain the Doe defendants and serve them with

7  that complaint should be denied as moot.  If plaintiff has ascertained the identities of the Doe

8  defendants alleged in his first amended complaint, he may name them in any second amended

9  complaint that he files, and may re-allege those claims against them.

10  V.  CONCLUSION

11  Accordingly, it is hereby ORDERED that the status (pretrial scheduling) conference

12  currently set for hearing on September 21, 2011 is vacated.[11]

13  It is further RECOMMENDED that:

14  1.  Defendants' motion to dismiss, Dckt. No. 16, be granted.

15  2.  Plaintiff's first amended complaint be dismissed in its entirety.

16  3.  Plaintiff be granted thirty days from the date of service of any order adopting these

17  findings and recommendations to file a second amended complaint asserting federal claims, so

18  long as he can cure the abovementioned defects by truthfully alleging facts that are not

19  inconsistent with those contained in his current complaint.  In any second amended complaint,

20  plaintiff must plead against which defendants he brings each cause of action, what each

21  defendant did to support relief under each respective cause of action, and what actual injuries

22  plaintiff has suffered as a result of each defendant's conduct.  The second amended complaint

23  must bear the docket number assigned to this case and must be labeled "Second Amended

24

25  [11] As a result, the parties are not required to submit status reports as provided in the
December 6, 2010 order.  *See* Dckt. No. 3.  However, if the recommendation of dismissal herein
is not adopted by the district judge, the undersigned will reschedule the status conference and
26  require the parties to submit status reports.

Complaint."  Failure to timely file a second amended complaint in accordance with this order

will result in a recommendation this action be dismissed.

    4.  Plaintiff's motion for declaratory judgment, Dckt. No. 19, be denied without

prejudice.

    5.  Plaintiff's request for an extension to serve the Doe defendants, Dckt. No. 30, be

denied as moot.

    These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v.*

*Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE